The opinion of the court was delivered by
Brewer, J.:
Defendant in error was, county clerk of Jefferson county during the years 1870 and 1871. At the expiration of his term he presented an account for certain services; which was allowed by the county board. Thereafter he presented another account which was disallowed. From this disallowance he appealed to the district court, and there obtained a judgment. In this two errors are alleged by the plaintiff in error.
I. It is claimed that the language, used in the account allowed in describing the services rendered and charged for, is broad enough to include the particular services for which the second account was presented; that therefore the allowance of the first account precludes Patrick from maintaining any claim on the second, and from showing by oral testimony that the items named in the second account were not as a matter of fact included in the first. To illustrate: In the first account is a charge for “ orders to viewers and surveyor in 90 road cases, (4 to each set,) being 360 orders, in all $225.00.” In the second is a charge for “attaching certificate and seal to orders to viewers and surveyors in 90 road cases, (4 to each set,) $180.00.” The “90 road cases” mentioned in the two accounts having been shown to be the same, it is insisted that “if the certifica te and seal were necessary to a complete and proper order to a viewer or surveyor, then an *607 account in general terms for the ‘order’ includes certificate and seal, and oral evidence that Patrick computed the services by the folio, or did not intend to include certificate and seal, is inadmissible.” We think this is a mistake, and that the rule contended for by counsel for plaintiff in error does not apply. The language of the first account does not necessarily include the services charged in the second, and the claimant is not estopped from showing the facts. If the fees for preparing these orders amount by the folio, and without any. charge for certificate and seal, to $225, the defendant in error is entitled to whatever may be the legal fees for such certificates as he was required to attach. Prima fade, it may be true, that an account for the “order” includes all necessary to make a complete and perfect order, and the burden of proof is on the claimant to show what was covered by the first account, and that the amount charged did not exceed the legal fees therefor; but still we think the matter is open to explanation, and the claimant ought not to be deprived of legal fees for services actually rendered through inadvertence in'the preparation of his accounts therefor. There was no error in the ruling of the district court upon this question.
II. In defense the board of commissioners offered testimony tending to show that Patrick, prior to the presentation of his second account, had obtained from the county, by.the allowance of the county board, certain fees, costs and other allowances which were not authorized by law, for his services as county clerk during 1870 and 1871, and which had not been refunded to the county. To this testimony plaintiff objected, the objection was sustained, and the testimony was excluded. In this we think the court erred. True, no pleadings were filed; but none were required. The county could make the same defense to this action that an individual could. It could avail itself of any defense, counterclaim, or set-off. And if the plaintiff had obtained money from the county to which he was not entitled, and by unauthorized allowances, he was to that amount the county’s debtor, and it could avail itself of that debt as an off-set to his present claim. An allowance *608 by the county board is not conclusive. (Leavenworth County v. Keller, 6 Kas., 523.) Payment after such an allowance does not prevent a recovery. (Gen. Stat., p. 262, ch. 25, § 39.) A party obtains no legal rights as against the county by an illegal allowance and a subsequent payment. A prior demand of payment is necessary to enable the county to recover the penalty provided by § 39 above cited, but no demand is necessary to create the indebtedness, or to enable thé county to use it as a set-off to an action against it. For this error the judgment of the district court must be reversed, and the case remanded with instructions to grant a new trial.
All the Justices concurring.